UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PNC EQUIPMENT FINANCE, LLC,

    Plaintiff,

v.

MARK MARIANI, *et al.*,

    Defendants.

Civil Action No. 19-76 (MAS)

**MEMORANDUM ORDER**

    This matter comes before the Court on two separate motions from pro se Defendant Harry Carr ("Defendant"). The first is a Motion to Quash and to Vacate; the second is a Motion to Strike. (ECF Nos. 3, 9.) Plaintiff PNC Equipment Finance, LLC ("Plaintiff") opposed (ECF Nos. 4, 12), and Defendant replied (ECF No. 5, 16). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1.

    The Court adopts the facts as reported in *PNC Equipment Finance, LLC v. Mariani*, 758 F. App'x 384, 385-86 (6th Cir. 2018). As relevant here, under Federal Rules of Civil Procedure 45 and 69,[1] Plaintiff seeks discovery in aid of its roughly $26 million judgment against Defendant through a subpoena that seeks information about Defendant's assets from non-party Trump National Golf Club (the "Golf Club").

    Defendant asks this Court to quash that subpoena. Rule 45(d)(3) governs when to quash subpoenas and lists several instances when courts must do so. *See* Fed. R. Civ. P. 45(d)(3)(A) (providing, for example, that courts must quash subpoenas that "require[] disclosure of privileged or other protected matter" or that "subject[] a person to undue burden"). The party seeking to quash

---

[1] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

a subpoena faces a "heavy burden" to demonstrate that "the requirements of Rule 45 are satisfied." *Malibu Media, LLC v. John Does 1-15*, No. 12-2077, 2012 WL 3089383, at *5 (E.D. Pa. July 30, 2012) (citations omitted). Defendant does not meet that burden.

Although a lawyer proceeding pro se, Defendant filed an opening brief that is bereft of merit and replete with frivolity.[2] Defendant's sixteen-page brief cites zero cases, misapplies the Rules, and repeatedly accuses Plaintiff and Plaintiff's counsel of fraud. (*See generally* Def.'s Moving Br., ECF No. 3-1.) Despite this, the Court summarily addresses each of Defendant's arguments.

*First*, Defendant laments that Plaintiff never filed a complaint in New Jersey and that therefore "[t]here is no action pending in the District Court of New Jersey." (Def.'s Moving Br. 6.) But this is a post-judgment case, and Plaintiff followed the correct procedure. *See* 28 U.S.C. § 1963 (establishing that a "judgment in an action for the recovery of money" entered in any district court "may be registered by filing a certified copy of the judgment in any other district" and that a "judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner").

*Second*, accusing Plaintiff's counsel of fraud, Defendant complains that Plaintiff's counsel, Jeremy Klausner, "has not filed appearance [sic]." (Def.'s Moving Br. 7.) Defendant details his diligence, noting that "a recent check of the docket" shows "no appearance" or "mention" of Mr. Klausner. (*Id.* at 7-8.) Of course, the second docket entry in the case is a Notice of Appearance by Jeremy Klausner on behalf of Plaintiff. (*See* Notice of Appearance, ECF No. 2.) And, even if Mr. Klausner hadn't appeared, Defendant cites no relevant authority saying he must.

*Third*, again accusing Plaintiff's counsel of "shenanigans and fraud," Defendant argues

---

[2] The brief is also riddled with formatting and typographical errors.

2

that Plaintiff failed to timely serve the non-party subpoena on him. (Def.'s Moving Br. 8.) The Rules contain no such requirement. Rather, Rule 45 directs parties to serve non-party subpoenas only where the subpoena issues "before trial." Fed. R. Civ. P. 45(a)(4). Because this is a post-judgment subpoena, the service requirement does not apply. *See Signature Fin., LLC v. McClung*, No. 19-18, 2019 WL 2130157, at *2 (W.D. Ark. May 15, 2019) ("[T]his is a postjudgment subpoena, compliance is not commanded 'before trial,' and so the preservice notice requirement of Rule 45(a)(4) does not apply to this subpoena.").[3]

*Fourth*, Defendant assails Plaintiff for not following "the procedure of the state where the court is located." (Def.'s Moving Br. 9.) Defendant cites no relevant authority for why Plaintiff must do so. *See* Fed. R. Civ. P. 69(a)(2) (noting that judgment creditors issuing subpoenas in aid of discovery may comply with "*these rules or* by the procedure of the state where the court is located" (emphasis added)).[4]

*Fifth*, Defendant alleges that "Plaintiff and the lawyer who issued the subpoena are harassing and attempting to embarrass" him. (Def.'s Moving Br. 10.) A self-proclaimed "well respected member of the Trump Club in Bedminster since 2004," Defendant claims that embarrassment ensued following Plaintiff's untimely service. (*Id.* at 11.) This argument lacks

---

[3] And even if it did apply, the Court would not exercise its discretion to quash the subpoena because Defendant has not argued any prejudice resulting from the service delay. *See Matter of Wei for Ord. Seeking Discovery Under 28 U.S.C. § 1782*, No. 18-117, 2018 WL 5268125, at *2 (D. Del. Oct. 23, 2018) (denying motion to quash with service delay where the defendant "has not alleged that any prejudice has arisen from the delay"); *accord In re Speer*, 754 F. App'x 62, 64 (2d Cir. 2019) (noting that courts "routinely decline to quash subpoenas automatically based on noncompliance with notice requirements absent some showing of prejudice").

[4] Defendant cites Rule 69(a)(1) as mandating state procedure but that Rule only applies to writs of execution, not non-party discovery subpoenas. *See* Fed. R. Civ. P. 69(a)(1); *Caisson Corp. v. Cnty. W. Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974) ("All agree that the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." (citations omitted)).

merit for the same reasons as Defendant's untimely service argument.

*Sixth*, Defendant argues that "[a]ny action by this Court should be abated by Plaintiff's election to proceed first in Superior Court in New Jersey"—whatever that means. (*Id.* at 11 (capitalization altered).) Defendant cites no authority for this abatement theory, and this Court has found none.

*Seventh*, struggling on, Defendant gripes that the non-party subpoena creates an undue burden. (*Id.* at 12-15.) But Defendant lacks standing to raise that argument.[5] "Ordinarily, only the non-party who was served with a subpoena may move to have it quashed under Rule 45." *Thurston v. Cherry Hill Triplex*, No. 06-3862, 2008 WL 11509798, at *2 (D.N.J. Feb. 6, 2008) (citation omitted). Defendant does not argue the exceptions to that rule, such as the disclosure of privileged or otherwise protected materials. *See Malibu Media, LLC v. Doe*, No. 15-1821, 2015 WL 7776895, at *2-3 (D.N.J. Dec. 2, 2015). And even if Defendant had, the Court's review of the subpoena reveals nothing that would impermissibly seek those sensitive disclosures. *Cf. Schmulovich v. 1161 Rt. 9 LLC*, No. 07-597, 2007 WL 2362598, at *4-5 (D.N.J. Aug. 15, 2007) (denying motion to quash subpoena seeking personal bank records because the defendants "do not have an absolute privilege to their financial records under state or federal law").[6]

*Finally*, Defendant invites the Court to vacate the $26 million judgment against him because the amount is "overstated" and conclusorily asserts that "[r]es judicata, judicial and equitable estoppel principles should apply." (Def.'s Moving Br. 4-5.) Defendant's argument is

---

[5] Nor has the non-party with standing, the Golf Club, objected to the subpoena.

[6] To the extent Defendant moves this Court for a protective order under Rule 26(c), that is also denied. *See Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

frivolous: the $26 million judgment has been adjudicated at length and will not now be disturbed. *See generally PNC Equip. Fin. LLC v. Mariani*, No. 14-663, 2018 WL 1322229 (S.D. Ohio Mar. 13, 2018), *aff'd*, 758 F. App'x 384 (6th Cir. 2018).[7]

For the reasons set forth above, and for other good cause shown,

**IT IS**, on this 8th day of September 2021, **ORDERED** as follows:

1. Defendant's Motion to Quash and to Vacate (ECF No. 3) is **DENIED**.

2. Defendant's Motion to Strike (ECF No. 9) is **DENIED** as moot.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[7] Because the Court denies Defendant's Motion to Quash, it need not decide whether Plaintiff's sur-replies violated the Court's local rules. The Court notes, however, that it did not consider those materials in reaching its decision.